UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELLERY ZEPHIER SR.,<br><br>Defendant. | 4:24-CR-40096-RAL<br><br>OPINION AND ORDER ON DEFENDANT'S MOTION IN LIMINE AND OTHER EVIDENTIARY ISSUES |

**I.   Background**

A grand jury indicted Defendant Ellery Zephier, Sr., with two counts of assault with a dangerous weapon, one count of assault resulting in serious bodily injury, and one count of kidnapping. Zephier has pleaded not guilty to the charged offenses and has exercised his right to a jury trial. In preparation for trial, the Government filed among other things a Notice Pursuant to Fed. R. Evid. 404(b) seeking to admit evidence of Zephier's prior bad acts, Doc. 31; Notice of Intent to Offer Evidence Pursuant to Fed. R. Evid. 609, Doc. 43; Notice of Intent to Offer Evidence Pursuant to Fed. R. Evid. 803(1), 803(2), and 801(d)(2)(A), Doc. 44; Notice of Intent to Present Rule 902 Evidence, Doc. 45; and Notice of Expert Witness: Krista Heeren-Graber, Docs. 32, 61. In response, Zephier filed a motion in limine seeking to exclude the evidence offered by the Government in its Notice Pursuant to Fed. R. Evid. 404(b), Doc. 54, and filed objections to each of the other notices listed abovee. Docs. 56, 58, 59, 62. On January 17, 2025, this Court held a

pretrial conference and motion hearing where it heard argument and ruled on Zephier's motion in limine and objections. This Court now formalizes its rulings with this Opinion and Order.

## II.     Legal Standard

Rulings on motions in limine—and on objections to notices such as the ones at issue here—are by their nature preliminary. United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019). Such rulings "developed pursuant to the district court's inherent authority to manage the course of trials," Luce v. United States, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials," Spotted Horse, 916 F.3d at 693. This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction. Motion in limine, Black's Law Dictionary (11th ed. 2019). Rulings on motions in limine and on objections to evidentiary notices necessarily occur before the nature and relevance of the evidence can be placed in full context. See Spotted Horse, 916 F.3d at 693. Therefore, a district court has broad discretion when ruling on such motions and objections retaining the authority to revisit and change its rulings based on how the case unfolds. Luce, 469 U.S. at 41–42. If this Court grants a motion in limine or sustains an objection to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtain from this Court a contrary ruling.

## III.    Discussion

### A. Rule 404(b) Evidence

Pursuant to Fed. R. Evid. 404(b), the Government seeks to admit the following prior acts[1] of Zephier: (1) evidence regarding Defendant's 2016 assault of the person alleged to be the victim in the indictment Kristy Selwyn; (2) evidence regarding Defendant's 2017 assault of Selwyn; (3) evidence regarding Defendant's 2020 conviction for simple assault on law enforcement following police responding to Zephier assaulting Selwyn; (4) evidence regarding Defendant's 2020 conviction for simple assault domestic involving behavior toward Selwyn; (5) evidence regarding the investigation surrounding Defendant's September 2022 arrest for Simple Assault Domestic Abuse of A.K.; (6) evidence regarding the 2023 kidnapping and assault of A.D. by the Defendant; and (7) evidence regarding the assault of C.L. by the Defendant. Zephier seeks to exclude all prior acts except for the evidence regarding Defendant's 2020 conviction for Simple Assault Domestic. Doc. 54

Under the Federal Rules of Evidence 404(b), while "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character," it is admissible in a criminal case to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." United States v. Ali, 799 F.3d 1008, 1026 (8th Cir. 2015) (cleaned up and citation omitted). In the Eighth Circuit, a prior act is admissible under Rule 404(b) if it is: "(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than

---

[1] This Court is not assuming that Zephier committed any of these prior acts by conducting this analysis.

prejudicial effect."[2] United States v. LaRoche, 83 F.4th 682, 690 (8th Cir. 2023) (cleaned up and citation omitted).

This Court first looks at the relevance of each prior act. Because Zephier pleaded not guilty, the government must prove every element of the charged crimes, including intent. See LaRoche, 83 F.4th at 691. "Evidence of past crimes can be probative of a defendant's intent to commit a similar act." United States v. Johnson, 860 F.3d 1133, 1142 (8th Cir. 2017) (quotation omitted). Moreover, the relative probative value of past acts of domestic abuse is "increased by the fact that [those acts] were associated with the same victim." United States v. Walker, 428 F.3d 1165, 1170 (8th Cir. 2005). Such prior acts can demonstrate that abuse is a "part of the history of [a] relationship" which is relevant to motive and intent. Id. Indeed, prior acts involving the same victim are routinely found admissible. See Johnson, 860 F.3d at 1142 (prior convictions for domestic violence involving the same victim were relevant to prove intent to commit assault); United States v. Yellow, 18 F.3d 1438, 1441 (8th Cir.1994) (prior sexual abuse of same victims were relevant to prove intent to rape victims). However, past incidents of domestic abuse need not involve the same victim to be relevant. Other incidents of assault with different victims can still be probative for intent when there is some other shared characteristic between the victims. See LaRoche, 83 F.4th at 691 (finding past convictions of different law enforcement officers were relevant and admissible in relation to charge for assault on another law enforcement officer). Past

---

[2] The Eighth Circuit has expressed the fourth element of the test in different ways in different cases. See United States v. Johnson, 860 F.3d 1133, 1142 (8th Cir. 2017) (expressing fourth element as "not have a prejudicial value that substantially outweighs its probative value" borrowing from Rule 403 of the Federal Rules of Evidence); see also United States v. Johnson, 439 F.3d 947, 952 (8th Cir. 2006). This Court will follow how the Eighth Circuit framed the fourth element in LaRoche as its most recent case on the Rule 404(b) test.

4

incidents of assault involving the same victim may also be relevant to proving absence of mistake or lack of accident. See Johnson, 860 F.3d at 1141.

Evidence regarding Zephier's prior assaults involving Kristy Selwyn is relevant to the material issue of whether Zephier had the requisite intent to commit the assault charged in this case and whether there was an absence of mistake or lack of accident, given that Zephier attributed Selwyn's injuries to her falling down. The evidence regarding Defendant's 2016 assault of Selwyn, evidence regarding Defendant's 2017 assault of Selwyn; evidence regarding Defendant's 2020 conviction for simple assault on law enforcement, and evidence regarding Defendant's 2020 conviction for simple assault domestic all involve the same alleged victim as the present case, Kristy Selwyn. Although the victim in Defendant's 2020 conviction for simple assault on law enforcement was a law enforcement officer, the officer victim was responding to a call of Zephier having assaulted Selwyn. Upon arriving to the scene, the officers could hear a female voice yelling for help and observed a female get thrown to the ground by Zephier. The female identified herself as Kristy Selwyn. Officers also observed bruising and red marks on Selwyn. Zephier was initially charged with kidnapping and aggravated assault in addition to simple assault on law enforcement, but the kidnapping and aggravated assault charges were dismissed as part of a plea deal. Because each of these incidents involve the same victim, this evidence is probative of Zephier's intent to assault Selwyn as alleged in this case. See Walker, 428 F.3d at 1170. The evidence is also relevant for proving absence of mistake or accident, especially where here, Zephier attributed Selwyn's injuries to a fall when interviewed by an officer. See Johnson, 860 F.3d at 1141.

The evidence regarding the investigation surrounding Defendant's September 2022 arrest for Simple Assault Domestic Abuse of A.K. and the evidence regarding the 2023 Kidnapping and Assault of A.D. by the Defendant may also be relevant to the material issue of whether Zephier

5

had the requisite intent to commit the assault charged in this case and whether Selwyn's injuries were from mistake or an accident. Although both incidents involved a different alleged victim than the current case, both past incidents involved romantic partners of Zephier. Selwyn, the alleged victim in the current matter, had a previous romantic relationship with Zephier and the two have a child together. Because the prior incidents and current matter all involve a person who at some point was Zephier's romantic partner, the evidence is probative of Zephier's intent to assault Selwyn or lack of mistake or accident in causing Selwyn's injuries. See LaRoche, 83 F.4th at 691.

However, the evidence regarding the assault of C.L. by the Defendant is not relevant to the material issue of whether Zephier had the requisite intent to commit the assault charged in this case. The alleged victim in that matter was neither the same victim nor a former romantic partner, but was Zephier's sister. Also C.L. reported that Zephier scared her by swinging at her and missing, unlike the other prior acts involving physical contact. Thus, the evidence regarding the assault of C.L. by the Defendant is excluded from the Government's case-in-chief. However, C.L. might be called as a defense witness on a different matter. If she is called, the evidence regarding the assault of C.L. by Zephier might become admissible, depending on how C.L. testifies.

This Court must next determine whether the evidence is similar in kind and not overly remote in time to the crime charged. "[T]he prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent." United States v. Walker, 470 F.3d 1271, 1275 (8th Cir. 2006) (cleaned up and citation omitted). In Walker, the Eighth Circuit held that a prior armed robbery conviction was sufficiently similar to a felon-in-possession offense because "each involved his possession of a firearm in connection with a criminal act." Id. Moreover, "there is no fixed period within which the prior acts must have occurred." United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996). Rather, this Court must "apply a reasonableness

6

standard, evaluating the facts and circumstances of each case." Walker, 470 F.3d at 1275. However, the Eight Circuit has "generally been reluctant to uphold the introduction of evidence relating to acts or crimes which occurred more than thirteen years prior to the conduct challenged." United States v. Halk, 634 F.3d 482, 487 (8th Cir. 2011).

Here, all the evidence that the Government seeks to admit involves an arrest, investigation, or conviction of Zephier related to a claimed domestic assault. In the current matter, Zephier is charged with two counts of assault with a dangerous weapon and one count of assault resulting in serious bodily injury of the mother of his child. And as discussed above, each of the prior acts—other than the C.L. incident—involve either the same victim or a former romantic partner. Although the offenses are not duplicates, they are "sufficiently similar to support an inference of criminal intent" because they all involve assault. Walker, 470 F.3d at 1275. Moreover, the oldest incident occurred in 2016, just over eight years ago, and the most recent incident was in 2023. All incidents occurred well within a time frame not considered too remote to be admitted. Thus, the prior alleged acts are similar in kind and not overly remote in time to the crime charged.

Next, this Court must determine whether the prior acts are supported by sufficient evidence. Testimony by investigating officers and the victims of past offenses is typically sufficient evidence to prove the past acts occurred. See United States v. Bragg, 44 F.4th 1067, 1074 (8th Cir. 2022) (finding prior offenses were supported by testimony from investigating officers); Johnson, 860 F.3d at 1143 (finding testimony of victim of prior offenses was sufficient evidence to prove prior acts). Here, the Government intends to offer testimony from Selwyn, possibly from A.D.,[3] and in part from investigating officers responding after or during the prior acts. Zephier raises various

---

[3] A.D.'s whereabouts appear presently to be unknown and reportedly she is transient and thus difficult to locate.

7

issues with the credibility of potential witnesses. However, this Court "generally leave[s] credibility determinations to the jury." Id. Additionally, Zephier will have the opportunity to cross-examine witnesses and present evidence to challenge their credibility. See United States v. Armstrong, 782 F.3d 1028, 1035 (8th Cir. 2015).

With regard to the evidence of Defendant's September 2022 arrest for Simple Assault Domestic Abuse of A.K., the Government intends to prove the conduct by offering the alleged victim's statements through the responding officer because alleged victim A.K. has since died. The responding officer did not witness the assault nor observe injury on A.K. who reportedly did not want to remove clothing to show bruising and did not seek treatment. Additionally, there does not appear to be any other witnesses to the alleged conduct toward A.K. It is also unclear how long after the alleged assault occurred that the responding officer spoke to alleged victim A.K. This raises issues of hearsay and under the Confrontation Clause.

The Sixth Amendment states that in "all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause thus "bars the admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." United States v. Johnson, 688 F.3d 494, 504 (8th Cir. 2012) (cleaned up and citation omitted). But, "the Confrontation Clause does not apply to non-testimonial statements by an out-of-court declarant." United States v. Spotted Elk, 548 F.3d 641, 662 (8th Cir. 2008) (citing Davis v. Washington, 547 U.S. 813, 823–26 (2006)). The threshold question then is whether the deceased victim's statements were testimonial. Nontestimonial hearsay statements must still comply with the Federal Rules of Evidence. See Clifford, 791 F.3d at 888 (finding nontestimonial hearsay statements were admissible under excited utterance exception).

This Court grants Zephier's motion as to the evidence of Defendant's September 2022 arrest for Simple Assault Domestic Abuse of A.K. What the responding officer could testify about without relating hearsay and endangering Confrontation Clause rights simply is not sufficient to prove the underlying conduct. Thus, the evidence surrounding Defendant's September 2022 arrest for Simple Assault Domestic Abuse of A.K. is excluded.

This Court probably will want to hear evidence of the 2023 Kidnapping and Assault of A.D. by the Defendant outside the presence of the jury. The Government presently intends to prove the conduct toward A.D. through testimony of just Officer Edwin Young. Young was not the initial officer to respond to the incident and did not personally observe any assault. Young observed injuries consistent with an assault on A.D. and another officer who arrived earlier saw what was described as assaultive behavior by Zephier on A.D. If A.D. or the first responding officer were to testify (though presently it appears they may not), then the behavior toward A.D. would appear to be admissible. Thus, this Court reserves ruling on whether the Government has sufficient evidence to introduce the alleged assault on A.D. under Rule 404(b).

Finally, this Court must determine whether the evidence's probative value is higher than its prejudicial effect. "While the admission of prior acts of domestic abuse can create unfair prejudice," this Court finds that any potential unfair prejudice resulting from the domestic abuse evidence here does not outweigh its probative value. See United States v. Farish, 535 F.3d 815, 820 (8th Cir. 2008). The prior act evidence, especially the evidence involving Selwyn, is probative for intent and lack of mistake or accident. Further, this Court will give a limiting instruction to safeguard against undue prejudice. See Walker, 470 F.3d at 1275 (approving of limiting instruction in upholding admission of prior bad acts evidence); United States v. Kern, 12 F.3d 122,

125 (8th Cir. 1993) (holding district court's limiting instruction to the jury was sufficient to prevent undue prejudice from the admission of prior act evidence).

Thus, Zephier's motion in limine as to the (1) evidence regarding Defendant's 2016 assault of Selwyn; (2) evidence regarding Defendant's 2017 assault of Selwyn; (3) evidence regarding Defendant's 2020 conviction for simple assault on law enforcement; and (4) evidence regarding Defendant's 2020 conviction for simple assault domestic is denied. Zephier's motion in limine as to (5) evidence regarding the investigation surrounding Defendant's September 2022 arrest for Simple Assault Domestic Abuse is granted. This Court reserves ruling on Zephier's motion in limine as to (6) evidence regarding the 2023 kidnapping and assault of A.D. by the Defendant are overruled. The evidence will be admissible under Fed. R. Evid. 402(b) to prove intent. Defendant's objection to the evidence regarding (7) the assault of C.L. by the Defendant is sustained.

### B. Rule 609 Evidence

Pursuant to Fed. R. Evid. 609, the Government next seeks to admit the following prior felony convictions of Zephier if Zephier testifies: (1) Possession of a Controlled Substance Charles Mix County, SD case no. 11CRI16-000172 for which the Defendant was sentenced for in 2017; (2) Failure to Appear Charles Mix County, SD case no. 11CRI16-000386 for which the Defendant was sentenced for in 2017; and (3) Simple Assault Against Law Enforcement Charles Mix County, SD case no. 11CRI20-000261 for which the Defendant was sentenced for in 2020. Doc. 43. Zephier objects to the admission of all three prior convictions, arguing their probative value is outweighed by the prejudicial effect to Zephier. Doc. 56.

This Court reserves ruling on Zephier's objection to the Rule 609 evidence until Zephier testifies, if he chooses to do so. The simple assault against law enforcement officer conviction is

connected with one of the instances when Zephier was arrested for allegedly assaulting Selwyn and might be admissible, while the other two are unlikely to be allowed even if Zephier were to testify. But what Zephier might say while testifying could render all the convictions admissible.

### C. Rule 902 Evidence

Pursuant to Fed. R. Evid. 902(11), the Government next seeks to admit Wagner Community Hospital records pertaining to Selwyn's treatment. Doc. 45. Zephier does not object. Doc. 58. Zephier also seeks to admit Madonna Zephier's phone records pursuant to Fed. R. Evid. 902(11). The Government does not object. Thus, Wagner Community Hospital records for treatment of Selwyn and Madonna Zephier's phone records will be received.

### D. Hearsay Statements

The Government next seeks to admit statements made by the alleged victim Selwyn to her mother Violet Provost and to Yankton Sioux Tribe Law Enforcement Officer Edwin Young under Fed. R. Evid. 803(1) and (2) and statements made by the Defendant upon his arrest for the offense pursuant to Fed. R. Evid. 801(d)(2)(A). Doc. 44. Zephier objects to the admission of Selwyn's statements to Provost, arguing they do not fall under either hearsay exceptions under Fed. R. Evid. 803(1) and (2). Zephier also objects to the admission of Selwyn's statements to Officer Young, arguing admission would violate his confrontation rights. Zephier does not object to admitting into evidence his own statements made during his arrest.

Unless an exception otherwise applies, out-of-court statements, if offered to prove the truth of the matter asserted, are inadmissible as hearsay. Fed. R. Evid. 802. Under Rule 803(1), "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it" is not excluded by the rule against hearsay. "The underlying rationale of the present sense impression exception is that substantial contemporaneity of event and statement

11

minimizes unreliability due to [the declarant's] defective recollection or conscious fabrication." United States v. Manfre, 368 F.3d 832, 840 (8th Cir. 2004) (cleaned up and citation omitted). In Manfre, "there was an intervening walk or drive between the time of the [event] and the time when" the statement was made. Id. The Eighth Circuit held that the statement could not be admitted under Rule 803(1). Id.

Under Rule 803(2), "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused" is not excluded. "For the excited utterance exception to apply, the declarant's condition at the time of making the statement must be such that the statement was spontaneous, excited or impulsive rather than the product of reflection and deliberation." Reed v. Thalacker, 198 F.3d 1058, 1061 (8th Cir.1999) (cleaned up and citation omitted). In deciding whether a declarant remained under the stress of excitement, this Court considers "(1) the lapse of time between the startling event and the statement, (2) whether the statement was made in response to an inquiry, (3) the age of the declarant, (4) the physical and mental condition of the declarant, (5) the characteristics of the event, and (6) the subject matter of the statement." United States v. Sully, 114 F.4th 677, 684 (8th Cir. 2024).

Between July 20, 2024, and July 25, 2024, Zephier is alleged to have kidnapped and assaulted Selwyn. The Government alleges Zephier held Selwyn against her will in his trailer and assaulted her with a serving tray, stomped on her face while wearing shoes, and hit her with closed fists which resulted in multiple fractures in Selwyn's face. On the afternoon of July 25, after the alleged assault, Zephier took Selwyn to a bus stop where Selwyn boarded a bus to go to her mother's house. After a bus trip of at least fifteen minutes, Selwyn arrived at her mother's home where Selwyn's mother noticed the bruising on her face and recommended Selwyn go to the hospital. Selwyn apparently then told her mother that Zephier and Zephier's sister had hit her.

12

Selwyn eventually went to the Wagner Community Memorial Hospital where law enforcement was contacted. The responding officer was Officer Young, who visited Selwyn in her hospital room to discuss what happened. The conversation was captured on Officer Young's body camera. During the conversation, Selwyn discussed a basket on the table of Zephier's trailer containing bloody clothes, that her teeth were knocked out and described the location of her teeth in the trailer, and mentioned a rug that was used to cover up blood. The body camera video also shows Selwyn's physical condition and some of the treatment at the time. Following this conversation, Officer Young left the hospital to speak to Zephier at his trailer. After speaking with Zephier, Officer Young returned to the hospital to follow up with Selwyn. This second and more brief conversation was also recorded by Officer Young's body camera. At the motion hearing, this Court watched the body camera footage from both of Officer Young's conversations with Selwyn.

The Government seeks to offer Selwyn's statements to her mother about who perpetrated the assault to prove the truth of the matter asserted. Thus, it is hearsay and must fall under an exception to be admitted. First, the Government argues the statements are admissible as present sense impressions. This Court disagrees. The situation at issue here is similar to the situation in Manfre because "there was an intervening . . . drive between the time of the [event] and the time when" the statement was made. Selwyn made her statements to her mother about the alleged assault after being driven from Zephier's trailer to the bus stop and taking a bus from the bus stop to her mother's home. To be admissible as a present sense impression, the statement describing an event or condition must "be made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). Here, there was a significant period between the alleged assault and when Selwyn made statements describing the event to her mother. Thus, the mother testifying about Selwyn's statements about who committed the assault is not admissible under Rule 803(1). Selwyn's mother

13

may still testify to such things as when Selwyn arrived, how she appeared and what the mother said or did.

The Government also argues that Selwyn's statements are admissible as excited utterances. Zephier disputes that the excited utterance exception applies because too much time had passed between the alleged events and when Selwyn spoke to her mother. Although there was a long period of time between the startling event and when the statements were made, a "lapse of time between the startling event and the out-of-court statement although relevant is not dispositive in the application of rule 803(2)." United States v. Iron Shell, 633 F.2d 77, 85 (8th Cir. 1980). This Court will reserve ruling on Selwyn's statements to her mother until hearing Selwyn's testimony, but Selwyn's statement to her mother regarding who assaulted her likely does not come in through Selwyn's mother as an excited utterance.

The Government seeks to offer Selwyn's statements to Officer Young to prove the truth of the matter asserted. Thus, it is hearsay and must fall under an exception to be admitted. The Government argued that the statements fell under the excited utterance exception. Selwyn's statements to Officer Young during the first conversation were made over an hour after the alleged assault occurred. The statements made in the second conversation were made over three hours after the alleged assault. This Court doubts that statements made during either conversation fall under the hearsay exception in Rule 803(2). However, Selwyn's statements regarding the bloody clothes, her teeth, and the rug are admissible for nonhearsay purposes to prove why Officer Young left the hospital to go speak with Zephier, why a later search warrant was obtained, what the police collected at Zephier's trailer and how the investigation unfolded. Additionally, the footage of the second conversation shows Selwyn crying, which is relevant to whether she suffered serious bodily injury, and contains a brief excerpt about her bloody clothes that is similarly admissible for the

14

same purposes. This Court plans to give a limiting instruction that Selwyn's statements on the Young body camera are not the be considered for the truth of the matter asserted, but for the limited purposes listed above.

### E. Government's Expert Witness

The Government next seeks to admit expert testimony by Krista Heeren-Graber "regarding the dynamics of domestic violence cases, including, but not limited to, general reasons why a woman returns to her abuser, the cycle of violence, power and control tactics of an abuser, as well as other aspects of the dynamics of domestic violence cases." Doc. 32, 61. Zephier objects, arguing such testimony is improper bolstering of the alleged victim. Doc. 62. Heeren-Graber's testimony is the type that the Eighth Circuit has allowed previously. Johnson, 860 F.3d at 1138–41 (analyzing and affirming the allowance of Heeren-Graber's similar testimony in case involving domestic assaults by defendant on defendant's ex-wife and mother of defendant's children). While Heeren-Graber's testimony will likely be allowed, this Court will defer ruling on Zephier's objection until it has heard testimony from the alleged victim regarding her relationship with Zephier.

### IV. Conclusion

Therefore, it is hereby

ORDERED that Zephier's Motion in Limine, Doc. 54, is granted in part and denied in part as stated herein. It is further

ORDERED that Zephier's objections to the various notices are sustained in part and overruled in part as set forth herein.

DATED this 21st day of January, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

15